**Armstrong Teasdale, LLP**
By:    Michael J. Engle, Esquire
District of Columbia Bar No. 1619444
2005 Market Street
One Commerce Square, 29th Floor
Philadelphia, PA 19103
Tel:  267.780.2063                                              **ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **DOCKET NO. 21-mj-197** |
| vs.  : | **UNDER SEAL FILING** |
| : | |
| **RACHEL POWELL**  : | |
| : | |

**Memorandum in Response to Government's Appeal
of Release Order and Motion for Emergency Stay**

Rachel Powell, by her attorney, Michael J. Engle, Esquire, provides the within memorandum in opposition to the Government's Appeal of Release Order and Motion for Emergency Stay:

On or about February 5, 2021, the Government unsealed a five (5) count Criminal Complaint charging the Defendant, Rachel Marie Powell, with allegedly violating the following statutes:

(1) 18 U.S.C. § 1512(c), Obstruction

(2) 18 U.S.C. § 1361, Depredation of Government Property

(3) 18 U.S.C. § 1752 (b)(1)(A), Restricted Building or Grounds with a Dangerous Weapon

(4) 18 U.S.C. § 1752(a), Restricted Building or grounds

(5) 40 U.S.C. § 5104(e)(2), Violent Entry or Disorderly Conduct

On the same day, Ms. Powell made her Initial Appearance before Magistrate Judge Patricia L.

Dodge in the Western District of Pennsylvania, where she was temporarily detained. The Detention Hearing was scheduled for February 9, 2021 before Magistrate Judge Lisa Lupo Lenihan. The Defendant stipulated to identity in this matter and full evidentiary hearing was conducted by Zoom in connection with the Government's motion for detention. Judge Leninhan denied the Government's detention motion and imposed conditions of pre-trial release, including a $10,000 OR bond, home detention with electronic monitoring, surrender of all firearms to law enforcement and confirmation that Ms. Powell had already surrendered her passport to the FBI, among others.

Since the criminal charges filed against Ms. Powell do not trigger the rebuttable statutory presumption that no conditions of release can adequately assure her attendance at trial, the burden remains with the Government to prove, by clear and convincing evidence, that Ms. Powell is a danger to the community or, by a preponderance of the evidence, that the defendant poses a flight risk pending trial. Here, the Government did not meet the required burdens of proof. Ms. Powell, a long-time resident of Pennsylvania and single mother of eight (8) children, made efforts to turn herself in to the Federal Bureau of Investigation upon learning, **for the first time on February 4, 2021**, that she had actually been charged with a crime. The Defendant has neither the financial means, nor the motive, to flee from prosecution in this matter. Rachel Powell homeschools five of her children who range in age from four to seventeen years old. She has significant roots in her community and she would never permanently leave her children behind in an effort to evade any potential punishment in connection with the offenses charged in this case.

In fact, Ms. Powell made efforts to face these charges directly by engaging an attorney to determine if she was charged with a crime and to arrange for her surrender in the event she was facing criminal prosecution. As established during the hearing before Judge Lenihan, on Wednesday, February 3, 2021, the undersigned counsel sent an email communication to the United

States Attorney's Office for the District of Columbia indicating that Ms. Powell was represented by counsel, inquiring if she had been charged with any crime, and, if so, offering to arrange a voluntary surrender of Ms. Powell in the District of Columbia. Counsel did not receive any response from the government until the morning of February 4th when advised by telephone that the FBI was executing an arrest warrant and search warrant at the Defendant's home. Undersigned counsel was not aware of Ms. Powell's location at that time. Counsel was able to eventually reach Ms. Powell by phone sometime around noon. Upon learning she was facing criminal charges the Defendant made arrangements, through counsel, to drive back to western Pennsylvania and to surrender herself to the FBI agent holding the warrant for her arrest. Rachel Powell did just that, and provided the FBI with her U.S. passport. She did not run, nor did she hide. This is not the behavior of an individual who poses any credible risk of flight.

      The Defendant surrendered herself as instructed by the FBI Agent holding the warrant for her arrest in New Castle, Pennsylvania. From the time Ms. Powell was made aware of the arrest warrant to the time of her voluntary surrender was a period of approximately 6.5 hours during which she made the drive from the Harrisburg, Pennsylvania area to New Castle, Pennsylvania, which represents a drive of approximately 240 miles. At no time during this process was Ms. Powell, or the undersigned counsel, advised of a search warrant for her cell phone, nor did anyone from the government instruct that Ms. Powell should, or needed to, bring her cell phone with her when meeting the FBI in order to be taken into custody. In fact, the Government did not have a search warrant for this phone as established by the testimony of an FBI Agent on February 9th. Ms. Powell did as instructed and brought her passport to surrender it to the FBI and she made arrangements for her home to be free of any of the two lawfully owned firearms she purchased and registered legally in the Commonwealth of Pennsylvania. As indicated to the Magistrate Judge in

the Western District of Pennsylvania, at all times these firearms were lawfully owned by Ms. Powell who applied for an obtained from her county sheriff a state-wide permit to carry a firearm in Pennsylvania. These two firearms, which contrary to the Government's arguments, do not constitute an arsenal and they will be turned over to law enforcement as a condition of release.

Ms. Powell is also not a danger to the community.  While the offenses charged are serious and the events of January 6th are disturbing, this Defendant is not accused of physically assaulting or using pepper spray on any law enforcement officer or other person. Based on the testimony elicited before Judge Lenihan, there is no evidence in possession of the Government to suggest that Ms. Powell was armed with a firearm, taser, knife, pepper spray or other weapon that was carried about her person for the purpose of harming another individual. Moreover, there is no known evidence that suggests Ms. Powell made any verbal threats to do harm to anyone, including any member of Congress or other government official. Additionally, there is no evidence that this Defendant posted or sent messages to people bragging that she assaulted people during the events that transpired at the Capitol. There is simply no credible evidence to suggest that Rachel Powell ever intended to do physical harm to any person on January 6, 2021.

While video and photographs seem to depict the Defendant and another individual using a long pole to break a window, there is nothing in the Government's affidavit of probable cause, or in the testimony provided to the Magistrate Court, to suggest that Rachel Powell brought that item with her to the Capitol, that she continued to carry that pole into the Capitol building, or that she ever attempted to use that item as a weapon against any person. This evidence depicts a property crime, not a crime against a person. It does not establish that Ms. Powell poses a threat or danger to any member of her community.  In fact, without diminishing the serious nature of any felony offense, the crimes charged in this matter relate to the obstruction of or interference with the

business of Congress along with other offenses involving property damage and trespass. The offenses charged do not demonstrate a predilection for engaging in violence directed at persons, a fact that is also born out by Ms. Powell's lack of any criminal history. Clearly, a person with no history of criminality or violence facing charges for the first time in her life does not pose a credible danger to the community.

It should be noted that a number of the representations made in the Government's appeal are simply inaccurate and not supported by the evidence adduced to date. First, at page 4 of the Appeal filing the Government states that the *New Yorker* article describes Rachel Powell as a fugitive. While it is irrelevant how a journalist might describe the Defendant, factually one cannot be a fugitive until he or she flees upon being charged with a crime. At the time of her interview with the *New Yorker* and thereafter until February 4th, Ms. Powell had not been charged with any crime. Thus, Rachel Powell was not a fugitive.

Second, the Government twice alleges that the Defendant "abandoned" her children on January 6th leaving them home unattended. This is inaccurate. Ms. Powell returned to her home and her children by the night of January 6th. The younger children were left in the care of their seventeen (17) year old sibling, with their father as well as their nineteen (19) and twenty-one (21) year old siblings residing a short distance away. At no point has Rachel Powell abandoned her children.

Third, Ms. Powell's custody lawyer has been in direct communication with the undersigned counsel in order to provide our mutual client with assistance. Rachel Powell's other counsel had not been paid for services and it necessitated his motion to withdraw from the family law case. However, that lawyer has specifically indicated that he will re-enter his appearance as soon as Ms. Powell can make financial arrangements. Moreover, in the pre-trial services report Mr. Rick

5

Powell, the father of the minor children who has obtained temporary custody because of the Defendant's incarceration, describes Rachel Powell as the "'best mother' who shares a good relationship with her kids."

Fourth, the Government makes the assertion that Ms. Powell came armed to the Capitol on January 6th…with earmuffs. Setting aside the fact that one cannot arm themselves with a device designed to reduce noise, the evidence presented during the lengthy hearing on February 9th clearly established that the Government has no evidence whatsoever that Rachel Powell was armed with any weapon that she brought to the Capitol. As set-forth herein above, the Defendant never used any weapon or object to threaten or assault, in any manner, any human being present at the Capitol.

Fifth, the Government asserts that Ms. Powell's history and characteristics indicate a disregard for the aims of law enforcement. To the contrary, this individual has no prior criminal convictions and she did turn herself in voluntarily and with the assistance of counsel when and where she was directed to by an FBI Agent holding her arrest warrant. It was the Defendant who engaged counsel and it was her counsel who contacted the Government first abut a voluntary surrender if charges existed. Such behavior is not demonstrative of having a disregard for the aims of law enforcement.

Finally, the Government characterizes the Defendant as a leading participant in the violent insurrection at the Capitol. The evidence presented in this case thus far fails to establish that Rachel Powell was a leader of anything. She has not been alleged to be part of any fringe group, let alone being its leader. The *New Yorker* article that the Government relies on so heavily establishes that the Defendant traveled to Washington D.C. with only one other person and not as part of any group. The article also presents statements from the Defendant, which stand unrebutted by the Government, that she was not part of any planned attack or organized activity at the Capitol on

January 6th.

For all of these reasons, Rachel Powell respectfully requests that this Honorable Court deny the emergency application for a stay as well as the Government's appeal of Magistrate Judge Lenihan's Order of pre-trial release in this matter.

RESPECTFULLY SUBMITTED:

/s/ Michael J. Engle
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I, MICHAEL J. ENGLE, ESQUIRE, HEREBY CERTIFY THAT I HAVE FORWARDED BY ELECTONIC FILING, A TRUE AND CORRECT COPY OF THE FOREGOING MEMORANDUM TO THE FOLLOWING PERSONS:

HONORABLE CHIEF JUDGE BERYL A. HOWELL
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, D.C. 20001

ELIZABETH ALOI, AUSA
U.S. ATTORNEY'S OFFICE
555 4TH STREET, N.W., 5TH FLOOR
WASHINGTON, D.C. 20530

/s/ Michael J. Engle
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

DATED: February 10, 2021