**Armstrong Teasdale LLP**
By: Michael J. Engle, Esquire
District of Columbia Bar No. 1619444
2005 Market Street
One Commerce Square, 29th Floor
Philadelphia, PA 19103
Tel: 267.780.2063                                    **ATTORNEY FOR DEFENDANT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** :  | |
| : | **DOCKET NO. 21-cr-179 (RCL)** |
| vs. : | |
| : | |
| **RACHEL MARIE POWELL** : | |
| : | |

### Defendant's Memorandum in Response to Court's Order to Show Cause

Rachel Marie Powell, by her attorney, Michael J. Engle, Esquire, provides the within memorandum in response to the Order issued by this Honorable Court on April 16, 2021:

### Chronology of Events

On February 11, 2021, the Defendant, Rachel Marie Powell, was placed on standard conditions of release for the above matter. In pertinent part, on April 9, 2021 at approximately 2:14 p.m. (EST), the undersigned counsel received an email communication from the assigned AUSA indicating that the government had received a video that had been posted to social media which appeared to depict the Defendant wearing a "mesh mask" that would not be in compliance with this Honorable Court's Pre-Trial Release Order; ECF No. 9 at 2. The government requested that undersigned counsel speak to Ms. Powell about this issue and to have her bring her actions into compliance with the aforementioned condition of the Order. At approximately 3:03 p.m. (EST) on the same day, the undersigned counsel received several email communications from a member

of the news media and was provided with a video clip and still image of what appeared to be the Defendant wearing a mask with a "mesh" fabric. The undersigned counsel notified the Defendant of this issue, addressed the concern raised by the government's counsel, and explicitly advised her to never wear the mask depicted in the video, or any mask like it, ever again. Counsel advised Ms. Powell that she was creating an issue of concern that need not exist and instructed her to always wear a mask that was obviously opaque so that no one could question her compliance with the Court's Order of Pre-Trial Release. At no time did the undersigned counsel ever suggest, instruct, or otherwise counsel the Defendant to throw away, discard, or destroy the mask in question. See "Exhibit A" the Affidavit of Rachel Marie Powell which is has been submitted under seal for the Court's review. In fact, the subject of what to do with the mask at issue was not raised at all because the government had not indicated an intention to seek any formal action with the Court and no one from Pre-Trial Services had contacted Ms. Powell or counsel at that point. At approximately 3:19 p.m. (EST), the undersigned counsel sent an email to the assigned AUSA indicating that he had communicated with the Defendant and addressed the issue per the government's request.

Three days later, on April 12, 2021, the undersigned counsel received several messages and a phone call from the Defendant based on a communication from her Pre-Trial Services Officer regarding the aforementioned mask. Undersigned counsel was not able to immediately speak to the Defendant as he was engaged in another matter with a different client at the time. At approximately 3:24 p.m. (EST), undersigned counsel was able to step away from the other client matter to speak briefly with Ms. Powell who was not sure if counsel needed to be a party to her discussion with the Pre-Trial Services Officer. During a phone call that lasted only a few minutes, the undersigned counsel advised the Defendant to speak directly to the Pre-Trial Services Officer,

to explain her actions to the Officer, and to make it clear that she would never wear the mask depicted in the video ever again. See "Exhibit A". At no time during this brief phone call did the undersigned counsel ever suggest, instruct, or otherwise counsel the Defendant to throw away, discard, or destroy the mask in question. See "Exhibit A". At approximately 4:25 p.m. (EST), undersigned counsel received a message from the Defendant indicating that she had talked with the Pre-Trial Officer per counsel's advice.

Three days later on April 15, 2021, the Pre-Trial Services Officer issued a non-compliance report (ECF No. 19) regarding the Defendant's depiction in a video at a place of employment wearing a "mesh" mask. Pre-Trial Services was not seeking any Court action and advised that a verbal reprimand was issued to Ms. Powell along with a discussion about the importance of being in complete compliance with all Pre-Trial Release conditions; ECF No. 19. The next day, on April 16, 2021, this Honorable Court issued an *Order to Show Cause* as to why the Defendant's Pre-Trial Release should not be revoked or that she should not otherwise be held in contempt.

## Legal Standards

The District Court may revoke a defendant's pretrial release if, after a hearing, the Court determines:

(1) "that there is probable cause to believe that the person has committed a Federal, State, or local crime while on release; or **clear and convincing evidence** that the person has violated any other conditions of release"; and

(2) "that based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by any condition or combination of conditions of release."

18 U.S.C. Section 3148(b) (emphasis added).

In addition, 18 U.S.C. Section 3148 (c), indicates that a "judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release." Pursuant to 18 U.S.C. Section 401, like all other criminal statutes, evidence must establish the defendant's guilt beyond a reasonable doubt. See *In re Sealed Case*, 627 F.3d 1235, 1236–37 (D.C. Cir. 2010) ("In deciding whether the evidence is sufficient to support a contempt conviction, we use the familiar standard for any criminal conviction, asking whether 'a fair-minded and reasonable trier of fact [could] accept the evidence as probative of a defendant's guilt beyond a reasonable doubt.' (alteration in original) (quoting *In re Holloway*, 995 F.2d 1080, 1082 (D.C. Cir. 1993))).

"There are three essential elements of criminal contempt under 18 U.S.C. 401(3): (1) there must be a violation (2) of a clear and reasonably specific order of the court, and (3) the violation must have been willful." *United States v. NYNEX Corp.*, 8 F.3d 52, 54 (emphasis added) (citing *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987)). "The Government carries the burden of proof on each of these elements, and the evidence must be sufficient to establish guilt beyond a reasonable doubt." *Id.* (citing *Turner*, 812 F.2d at 1563).

"For a violation to be 'willful,' the defendant must have acted with deliberate or reckless disregard of the obligations created by the court order." *United States v. Roach*, 108 F.3d 1477, 1481 (D.C. Cir. 1997) (citing *In re Holloway*, 995 F.2d at 1080), *vacated in part*, 136 F.3d 794 (D.C. Cir. 1998). "[C]ontempt will lie only if the putative contemnor has violated an order that is clear and unambiguous . . . ." *Armstrong v. Exec. Office of the President, Office of Admin.*, 1. F.3d 1274, 1289 (D.C. Cir. 1993) (emphasis added). Therefore, a court cannot find a defendant in contempt of court for violating an order of pre-trial release "if the terms of that order are unclear."

4

*United States v. Manafort*, 897 F.3d 340, 346 (D.C. Cir. 2018) (citing *Armstrong*, 1. F.3d at 1289). Any ambiguity in the order of pre-trial release "should be construed against the Government." *Id.* at 347.

**Argument**

The Defendant wishes to apologize to this Honorable Court, and to Pre-Trial Services, for her poor choice and her unwise conduct in this matter. It was not Ms. Powell's intention to mock compliance with her condition of release or to flout the Court's Order lightly.  As set-forth in Exhibit A (Affidavit of Rachel Marie Powell), the Defendant found herself in a work situation where she was encouraged to refrain from mask wearing at times when she was required to engage with store customers. Ms. Powell refused to do this and instead sought to find a mechanism for complying with the Court's Order while also satisfying her employer.  As described in the Defendant's affidavit, Ms. Powell had seen stories[1] about a singer, Lana Del Ray, who fashioned a mask with a clear plastic barrier under a see-through fabric for a public book signing event. See "Exhibit A"; "Exhibit B" attached hereto which contains a still image of Ms. Powell's mask and an image of the mask worn in public by singer Lana Del Ray.  Ms. Powell described to the Pre-Trial Services Officer how she fashioned this mask as noted and set-forth in the report of non-compliance; ECF No.19.

While clearly unwise, the creation and use of the mask at issue was not designed to mock the Court or its release condition. The Defendant is responsible to support herself and her many children thereby making this job important to her ability to make ends meet. Ms. Powell made a

---

[1] Darlene Aderoju, *Lana Del Rey Claps Back at Mesh Mask Criticism amid Pandemic: It 'Had Plastic on the Inside'*, People Magazine (November 17, 2020).
https://people.com/music/lana-del-rey-claps-back-at-criticism/?utm_source=emailshare&utm_medium=email&utm_campaign=email-share-article&utm_content=20210416

poor choice in wearing the mask at issue, however it was not done with a bad intent. Typically, the Defendant is known to wear a "normal" mask that is opaque and obviously compliant whenever she is permitted to be outside of her home for employment and religious services. See "Exhibit C" which is attached hereto and contains several letters, that have been filed under seal, from members of the Defendant's community familiar with her typical compliance with the pre-trial release condition.

In an effort to remedy this situation and to take seriously the reprimand from her Pre-Trial Services Officer, the Defendant has reduced her work hours at the place of employment seen in the video and will only work performing tasks in the back-office where she will not be interacting with customers or the general public. At all times since her release the Defendant has worn a proper mask when performing such office duties. In addition, Ms. Powell has sought out additional employment where she will again be handling office duties involving no contact with any customers or members of the general public. Ms. Powell is committed to wearing only masks that are clearly and obviously compliant, such as the masks described by members of her community who have interacted with her at work and at religious services. See "Exhibit C".

Additionally, at the time the Defendant made the decision to throw away the mask in question, she was not under any instruction from the government, Pre-Trial Services, or any other authority to maintain and preserve the item. Ms. Powell rid herself of the mask based on the government's April 9th request to counsel that she not wear such a mask, and the instruction from her counsel to never wear that mask, or one like it, ever again. Her action in this regard was not designed to be willful, non-compliant or disrespectful to this Court or its Order of Pre-Trial Release.

## Advice from Counsel

Per this Court's Order, the undersigned counsel, as set-forth in the Chronology of Events section herein above, has endeavored to address the Court's concern about the **alleged advice** provided to the Defendant in connection with her decision to discard the mask. The undersigned counsel has responded to the Court's directive, while also being mindful that he cannot run afoul of, or risk waiving, the attorney-client privilege or the requirements of confidentiality. **As an officer of this Court, and an attorney with over twenty years of experience as a criminal defense lawyer who enjoys an excellent reputation and an impeccable track-record, the undersigned counsel can state with absolute certainty that he never advised, counseled, instructed, hinted, or otherwise suggested that the Defendant should throw away the mask at issue.** This subject never arose in the discussions with the client on April 9th and it never came up during the brief phone call with the client on April 12th. At no time was counsel advised by the government or Pre-Trial Services that any formal action was to be taken, or that any party was seeking preservation of the mask. Therefore, the topic of whether to preserve said mask was never addressed in any way, shape, or form. As stated in Ms. Powell's affidavit at Exhibit A, **at no time did the undersigned counsel ever advise her to throw away the mask.** Rather, it was solely and exclusively the advice of counsel that she never wear that mask, or one like it, ever again. Said advice was consistent with the request made by the assigned AUSA, and it was both entirely proper and consistent with counseling the Defendant to make certain that no one can question her efforts at compliance with all conditions of her Pre-Trial Release.

## Conclusion

For all of these reasons set-forth herein, Rachel Marie Powell respectfully requests that this Honorable Court permit her to remain on pre-trial release and refrain from charging her with contempt.

RESPECTFULLY SUBMITTED:

/s/ Michael J. Engle
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, Michael J. Engle, Esquire, hereby certify that I have forwarded by email and first-class mail a true and correct copy of the foregoing *Response to the Court's Order to Show Cause* to the following persons:

> The Honorable Royce C. Lamberth
> U.S. District Court for the
> District of Columbia
> 333 Constitution Avenue N.W.
> Washington DC 2001
>
> Lucy Sun, AUSA
> U.S. Attorney's Office
> Lucy.Sun@usdoj.gov

/s/ Michael J. Engle
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

DATED: April 26, 2021

# Exhibit A

## Affidavit of Rachel Marie Powell

## Filed Under Seal

# Exhibit B





Case 1:21-cr-00179-RCL   Document 24   Filed 04/26/21   Page 13 of 14

# Exhibit C

## Community Member Letters

## Filed Under Seal