UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) |  |
| v. | ) ) ) ) ) | Crim. No.  21-cr-179(RCL) |
| RACHEL POWELL,  Defendant. | ) ) ) ) | |

**MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**
(Removing the wearing of a mask as condition of pretrial release)

Defendant, Rachel Powell, by and through undersigned counsel, does hereby respectfully move for a modification of her conditions of release pending trial. In support thereof, Defendant sets forth as follows:

1. This matter is an indictment resulting from the events of January 6, 2021 at the United States Capitol. Defendant had been indicted on counts including Obstruction of an Official Proceeding, 18 U.S.C. § 1512 (c)(2), 2; Destruction of Government property, 18 U.S.C. §§ 1752 (a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct, §§ 1752 (a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building with a Deadly or Dangerous Weaon18 U.S.C. §§ 1752(a0(4) and (b)(1)(A);Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104 (e)(2)(F) and Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § €(2)(G).

2. On February 11, 2021, the Honorable Beryl Howell, Chief Judge of the United States District Court for the District of Columbia ordered defendant released pending trial with a condition that she "must wear a mask whenever she leaves her residence." ECF No. 9.

1

3. On April 9, 2021 former counsel for Ms. Powell received an e-mail from the assigned AUSA that a video had been posted to social media appearing to show defendant wearing a "mesh mask", It had not been explained to Ms. Powell what type of mask she was required to wear. The actual wording on the Order is "Defendant must wear a mask whenever she leaves her residence.".

4. On April 15, 202, Pretrial Services issued a non-compliance report, ECF No, 19, addressing a photograph on Twitter depicting defendant at her place of employment wearing a "mesh" mask. On April 16, 202, This Court issued an Order to show cause why defendant's pretrial release should not be revoked or otherwise held in contempt. ECF No. 20.

5. On April 26, 2021, defendant filed a response to the Court's Order to Show Cause, ECF 24. In the response defendant expressed an apology for wearing the "mesh" mask and argued her decision was not a willful intentional act of non-compliance with the Order of Chief Judge Howell. Rather, defendant explained that she was employed in a work environment that discouraged her from wearing a mask when she was engaging with work customers. In an effort to accommodate both the Order of the Court and her employer defendant devised the "mesh" mask.

6. Defendant has never before been charged with a criminal offense and has never before been under conditions of release while she awaits trial. Her wearing a mesh mask was not intended to flout a condition of release imposed by the Court.

7. This Court issued an Order on April 27, 2021 noting that "She [defendant] acknowledges that wearing it [mesh mask] was a poor decision and apologizes for her behavior. In support of these representations, defendant submitted letters from members of her church congregation attesting that defendant is typically seen wearing an opaque face covering over her nose and mouth." ECF 25, 1. This Court concluded it, "has no reason to believe her apology is not genuine and that she will not continue to comply with her conditions of pre-trial release." Id. 1-2.

8. As a result of very negative media attention on Ms. Powell and the issue of her having to wear a mask, she resigned from her position of employment with a commercial bookstore in Franklin, Pennsylvania while suffering great anxiety for herself and her children due to the mask requirement. Defendant emphasizes that she is the mother of eight children and 4 of her children reside with her in her home. Defendant is now employed with Joseph Jenkins, Inc. as the sole office manager. At Ms. Powell's current place of employment there is no mask requirement, and she typically works alone.

9. Pennsylvania does not have state-wide mask mandates in schools, daycare centers or other state facilities.  On December 14, 2021, Pennsylvania Governor Wolf announced he will not make any additional mask mandates. Defendant notes "Pennsylvania has not had a mask mandate in school in place ever since Acting Secretary of Health Alison Beam's order was ruled unconstitutional last year. Gov. Tom Wolf's administration appealed, but the state Supreme Court upheld the ruling." **Patch.com/Pennsylvania/Norristown/healthexperts**, *"Health Experts Say PA School Districts Should Lift Mask Mandates"* Justin Heinze, February 8, 2022.

10. Defendant further notes that "Every state, with the exception of Hawaii, is either ditching or planning to eliminate face mask mandates as the Omicron surge recedes, with infections and hospitalizations declining…." **CBS News, "Soon only one U.S. State will still have indoor mask rules." Kate Gibson, February 23, 2022.**

10. Ms. Powell has been fully compliant with her conditions of release. There does not appear to be a public health benefit to either Ms. Powell or any other member of the community to continue to require that she wear a mask. Ms. Powell has no prior criminal history, is actively involved with her church, gainfully employed, fully compliant with current conditions of release and a devoted mother to eight children. She respectfully seeks the lifting of an unnecessary condition of her pretrial release.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court modify her conditions of release and remove her mask requirement as a condition of pretrial release.

Respectfully submitted,
_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record on this the_____3rd_____day of March, 2022.

_____/s/_____
Steven R. Kiersh