UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                               )
**UNITED STATES OF AMERICA**   )
                               )
                               )
                               )
     v.                        )    Crim. No.  21-cr-179(RCL)
                               )
                               )
                               )
**RACHEL POWELL,**             )
                               )
          Defendant.           )
_____

**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT, OBSTRUCTION OF AN OFFICIAL PROCEEDING AND AIDING AND ABETTING, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1512 (c)(2) and 2)** [1]

Defendant, Rachel Powell, by and through undersigned counsel, does hereby respectfully move this Court to dismiss Count One of the Indictment, violation of `18 U.S.C. Sec. 1512 (c)(2). In support thereof, Defendant sets forth as follows:

---

[1] Defendant has a pending Consent Motion for a Two-Week Extension of Time to File this Motion to Dismiss. This Motion may be supplemented upon receipt of the Order from this Court.

**Standard of Review**: A defendant may move to dismiss an indictment on grounds that it fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B). In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson,* 371 U.S. 75,78 (1962). Accordingly, "the Court cannot consider facts beyond the four corners of the indictment." *United States v. Ring*, 628 F. Supp. 2d 195,204 (D.D.C. 2009), internal quotations omitted.

**Factual background**:  This matter is an indictment resulting from the events of January 6, 2021 at the United States Capitol. Defendant had been indicted on multiple counts including Obstruction of an Official Proceeding, 18 U.S.C. § 1512 (c)(2); Destruction of Government property, 18 U.S.C. §§ 1752 (a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct, §§ 1752 (a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building with a Deadly or Dangerous Weaon18 U.S.C. §§ 1752(a)(4) and (b)(1)(A);Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104 (e)(2)(F) and Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § (2)(G).

> Count One of the Indictment charges Ms. Powell as follows:
>
> On or about January 6, 2021, within the District of Columbia and elsewhere, Rachel Marie Powell, attempted to and did, corruptly

obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct and destroying federal property.

18 U.S.C. Sec. 1512 (c)(2) provides:

(c) Whoever corruptly—

(1)  alters, destroys, mutilates, or conceals a record, document or other object, or attempts to do so, with intent to impair the object's integrity or availability for use in an official proceeding; or

(2)  otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

**Argument:**  Defendant notes and emphasizes at the outset as follows:

There is absolutely no allegation or evidence that Rachel Powell destroyed, mutilated, or concealed a record, document or other object or attempted to do so, with intent to impair the object, it's integrity or availability for use in an official proceeding.

Similarly, there is no evidence that Rachel Powell aided and abetted the destruction, mutilation, or concealment of a record, document or other object or attempted to do so**.**

Federal courts have "traditionally exercised restraint in assessing the reach of federal criminal statutes. *United States v. Agui*lar, 515 U.S. 593, 600 (1995). This prudent rule of construction continues with force today.

3

*See Dowling v. United States*, 473 U.S.207, 214 (1985).

In addition to the use of restraint in interpreting federal statutes, the Rule of Lenity requires "courts construe penal laws strictly and resolve ambiguities in favor of the defendant." *Liparota* v. United States, 471 U.S. 419, 427 (1985). The Rule of Lenity applies to instances of 'grievous' ambiguity. *See Shular v. United States*, 140 S. Ct. 779, 788 (202

Section 1512 (c) does not prohibit the obstruction of every governmental function; it only prohibits the obstruction of proceedings such as a hearing that takes place before a tribunal. *See United States v. Ermoian,* 752 F.3d 1165, 1171 (9th Cir. 2013). Thus, Section 1512(c), by its plain language, does not criminalize the obstruction of legislative action by Congress. Any alleged obstruction of the certification of an Electoral College vote is simply outside of the reach of 1512 (c).

The Honorable Carl Nichols of this Court analyzed Section1512 and subparts (1) and (2) and noted, "the Court believes there are two plausible interpretations of the statute: either Sec. 1512 (c)(1) merely includes examples of conduct that violates Sec. 1512 (c)(2), or 1512 (c)(1) limits the scope of 1512 (c) (2), *United States v. [Garrett] Miller*, Cr. No, 21-119 (CJN), 28. Judge Nichols went on to conclude, "the text, structure, and

development of the statute over time suggest that the second reading is the better one." Id.

By concluding that Sec. 1512 (c)(2) is limited by subsection (c)(1), and "thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding", Judge Nichols dismissed the 1512 count in the Indictment. Id. 28-29.

Defendant is not charged with or alleged to have committed any of the acts outlined in 18 Sec. 1512 (c)(1). Therefore, dismissal of Count One is the appropriate remedy.

**Adoption of all arguments in *United States v. (Garrett) Miller*, Cr. 21-119(CJN) pertaining to the Motion to Dismiss the 1512 felony count**

Defendant does hereby adopt and incorporate all arguments advanced by the defendant in *United States v. (Garrett) Miller*, Cr, 21-(CJN). Defendant is prepared to answer any inquiry the Court may have concerning the adopted issues raised herein.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court dismiss Count One of the Indictment.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 347-0200

Attorney for Rachel Powell

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record on thithe____21st_____day of April, 2022.

_____/s/_____
Steven R. Kiersh