IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-179-RCL |
| | ) |
| RACHEL POWELL, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT POWELL'S NOTICE OF EXHIBITS TO HER MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

On May 5, Powell filed her Amended Motion to Dismiss Count One of the Indictment. ECF No. 64.  In her motion, Powell made reference to two pieces of legislative history:

(1) the Report of the Committee on the Judiciary, United States Senate, to accompany S. 2420 of The Omnibus Victims Protection Act of 1982 (the "Senate Report"); and

(2) the Congressional Record of the 97th Congress, Second Session, Friday, October 1, 1982 (the "Congressional Record").

Attached as Exhibit 1 is the Senate Report.  On page 24, the Judiciary Committee explains why the term "official proceeding" was used in the statute that would be codified at 18 U.S.C. § 1515(a)(1).  Exh. 1, p. 24.  Before the Omnibus Victims Protection Act of 1982 ("OVPA"), the "current law term [used in obstruction statutes] was 'legal proceedings.'" *Id.*  By substituting "official proceedings" for "legal proceedings," the legislators intended to convey that "the statute remain applicable in civil and administrative proceedings, where warranted"— not just in "criminal proceedings." *Id.*  "The term 'official proceeding' is intended to convey th[at] result." *Id.*  The Report also stated that §§ 1512 and 1515 were designed to prohibit the

1

variety of methods by which "the proper administration of justice" may be impeded or thwarted. *Id.* at 18.

The Senate Report also displays the omnibus clause that was originally included in the Senate legislation that created § 1512. Exh. 1, pp. 2-3. The clause was to be codified in proposed Section 1512(a)(3). *Id.* at 3. That omnibus clause read:

> (a) Whoever . . . (3) with intent corruptly, by threats of force, or by any threatening letter or communication, influences, obstructs or impedes, or attempts to corruptly, or by threats of force, or by threatening letter or communications, influences, obstructs, impedes the—
>
>> (A) enforcement and prosecution of Federal law;
>>
>> (B) administration of a law under which an official proceeding is being or may be conducted; or
>>
>> (C) exercise of a Federal legislative power of inquiry [violates the statute].

Exh. 1, p. 3.

The D.C. Circuit has held that subsection (a)(3)(C) of the proposed omnibus clause was "designed to continue the general scope of the final paragraphs of 18 U.S.C. § 1505." *United States v. Poindexter*, 951 F.2d 369, 383 (D.C. Cir. 1991).

The same OVPA legislation defined "official proceeding" as used in proposed Section 1512, including the proposed omnibus clause in § 1512(a)(3):

> As used in sections 1512 and 1513 of this title the term—
>
> . . . .
>
> (3) "official proceeding" means—
>
>> (A) a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a Federal grand jury, a parole or probation officer;
>>
>> (B) a proceeding before the Congress; or

(C) a proceeding before a Federal Government agency which is authorized by law.

Exh. 1, p. 4.  The same definition of "official proceeding" was replicated in the final statute codified at § 1515.  Pub. L. No. 97-291, sec. 4, 96 Stat. 1252.

Exhibit 2 attaches the Congressional Record from Friday, October 1, 1982.  This legislative session occurred after "[t]he House and Senate [] compromised the differences between their versions of [§§ 1512 and 1515]." *Poindexter*, 951 F.2d at 383.  The resulting statute did not contain the omnibus clause in proposed section 1512(a)(3), displayed above.  *Id.*

Exhibit 2 shows why the omnibus clause was omitted.  According to the lead sponsor of the OVPA legislation, Senator Heinz:

> Subsection (3) of section 1512(a) of the Senate passed bill, general obstruction of justice residual clause of the intimidation section, was taken out of the bill as beyond the legitimate scope of this witness protection measure. It also is probably duplicative of abstraction [sic] of justice statutes already on the books. . .

Exh. 2, p. 2.

Dated: May 9, 2022                              Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869

## Certificate of Service

I hereby certify that on the 9th day of May, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869