# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-179-RCL |
| | ) |
| RACHEL POWELL, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT POWELL'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Powell, through her counsel, moves to modify the conditions of her release, entered on February 11, 2021, for the following reasons. ECF No. 9.

Powell's extremely strict conditions of release were set over a year ago. They include home detention and location monitoring in the form of a heavy GPS ankle bracelet. ECF No. 9, p. 2. These conditions both impose serious impediments to Powell's family and work obligations and are not necessary to ensure her appearance in this proceeding. Powell will begin with how the conditions affect her family life.

Powell is the mother of several young children. As a result of the government's charges, she was forced to sell her home to raise funds for her legal defense. So as to avoid losing her job into the bargain, Powell rented a residence located directly on the property of her current employer. But the rental is not spacious enough to accommodate three of her teenage sons. The sons therefore live alone in an efficiency dwelling nearby. Only, Powell cannot enter the efficiency after 6 p.m. because pretrial services advised that the equipment supporting her GPS location monitoring cannot be installed there. Thus, her teenage sons are on their own at night. This is dangerous for several reasons. Apart from the inherent mischief-making capacity of

1

teenage boys, the efficiency sits on a hill leading down to a deep lake on the property. Recently, as Powell's sons fished there, one of them tumbled down the slope and into the lake. Due to her ankle bracelet and curfew, Powell was unable to come to their aid.

Location monitoring poses other major impediments. Powell's children are missing out on important extracurricular activities like sports and school-related clubs. With the ankle bracelet on, she cannot drive her kids anywhere. Powell will also miss the marriage of an older child and the birth of a grandchild.

Her employment situation is similarly affected. Powell's curfew is wreaking havoc with the company where she works. Due to her curfew, she is currently limited to 40 hours of work per week, far lower than the norm. She cannot attend business meetings and important calls with clients. The company has suffered lost income as a result.

Powell's counsel inquired with the government whether it would consent to removal of the ankle bracelet and the lifting of her curfew. The government indicated it would need to consider the proposal, given that Powell, the government asserted, attempted to flee before she was arrested. Approximately a week later, the government responded that it could not support any change in her release conditions.

Powell did not attempt to "flee" from her arrest. Before she was charged, Powell visited friends who advised that they could help her find legal representation she believed she needed. Her family understood that she would return home as soon as she found a lawyer. The same day Powell was charged in this case, she surrendered through the coordination of her initial counsel. Powell has surrendered her passport. She has several children who are in school and meager resources. The contention that she is a flight risk, over a year into this case, is baseless.

Accordingly, Powell moves the Court to modify the conditions of her release such that

2

she is no longer subject to location monitoring and a curfew.

Dated: May 23, 2022                                  Respectfully submitted,

                                                                               */s/ Nicholas D. Smith*
                                                                               Nicholas D. Smith (Va. Bar No. 79745)
                                                                               7 East 20th Street
                                                                               New York, NY 10003
                                                                               Phone: (917) 902-3869

## **Certificate of Service**

     I hereby certify that on the 23rd day of May, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

                                                                               */s/ Nicholas D. Smith*
                                                                              Nicholas D. Smith (Va. Bar No. 79745)
                                                                               7 East 20th Street
                                                                               New York, NY 10003
                                                                               Phone: (917) 902-3869