UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> **RACHEL MARIE POWELL**, <br><br> *Defendant*. | Case No. 1:21-cr-179-RCL |

## **MEMORANDUM ORDER**

     Rachel Marie Powell is one of the many defendants facing criminal charges after breaking into the United States Capitol on January 6, 2021 while Congress certified the results of the 2020 Presidential election. Armed with a pipe, Powell and her fellow rioters rammed a window of the Capitol in an attempt to gain entry and stop the vote certification. *See* Compl. ¶ 19, ECF No. 1-1. Powell directed the mob regarding the layout of the Capitol, shouting directions through a bullhorn once they managed to breach the building. *Id.* ¶ 16. For these alleged crimes, she is charged with eight counts, including multiple felonies. *See* Indictment, ECF No. 12.

     Now, Powell follows in the footsteps of her almost uniformly unsuccessful fellow January 6 defendants and moves to dismiss Count One of her indictment: obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). *See* Am. Motion to Dismiss ("Def.'s Mot."), ECF No. 64. The government opposes. Gov. Opp'n, ECF No. 70. As previously noted, "plenty of ink has been spilled in this district denying motions that raise" these arguments. *United States v. Bingert*, No. 1:21-cr-91 (RCL), 2022 WL 1659163, at *2 (D.D.C. May 25, 2022). Today, this Court will add to that ocean of text by once again **DENYING** this motion to dismiss.

## I. BACKGROUND

Both houses of Congress were present at the Capitol on January 6, 2021, to certify the vote count of the Electoral College of the 2020 Presidential election. Compl. ¶ 7.[1] Also present at the Capitol? A violent mob whipped into a frenzy after attending then-President Donald Trump's rally at the Ellipse, where he denounced the 2020 election results and urged the crowd to march towards the Capitol. *Bingert*, 2022 WL 1659163, at *1.

Most Americans are familiar with the violence wrought that day. Police officers were assaulted and injured; congresspeople were evacuated and huddled in fear as the rioters stormed the building; the Capitol itself, a symbol of our democracy, was defiled and damaged. Compl. ¶ 14. Video evidence captures Powell's enthusiastic participation in these crimes, as she first rammed a nearly ten-foot-long metal pipe into a window to gain entry to the Capitol and then gleefully celebrated once inside. *Id.* ¶¶ 20–23. Through a bullhorn, she explained to a crowd of people that they must "coordinate together if [they] are going to take this building." *Id.* ¶ 16.

The Federal Bureau of Investigations published an online poster ten days later with Powell's photo, and Powell was identified via an anonymous tip. *Id.* ¶ 25. An arrest warrant was issued, ECF No. 2-4, and Powell surrendered to the FBI. She was charged with eight counts, including the felony relevant here: obstruction of an official proceeding. Indictment 1. Now, she moves to dismiss the obstruction charge. Def.'s Mot. 1.

## II. LEGAL STANDARDS

An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The indictment must inform the defendant of the "precise offense" he is accused of so that "he may prepare his defense and plead

---

[1] For the purposes of the motion to dismiss, the Court will assume that the government's alleged facts are true.

double jeopardy in any further prosecution for the same offense." *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014). There is no requirement, however, that the indictment include detailed allegations. *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007).

A defendant may raise by pretrial motion "any defense, objection, or request that a court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Under Rule 12 of the Federal Rules of Criminal Procedure, a defendant may move to dismiss an indictment for "failure to state an offense" or "lack of specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). Because a motion to dismiss an indictment "challenges the adequacy of an [i]ndictment on its face," a court must accept all allegations in the indictment as true when determining a Rule 12(b) motion. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011). The relevant question in a Rule 12(b) motion is whether the allegations are "sufficient to permit a jury to find that the crimes charged were committed." *Id.* at 146. Dismissal under Rule 12(b) is rare and granted "only in unusual circumstances." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015).

### III.   DISCUSSION

Count One of the Indictment alleges that "[o]n or about January 6, 2021, within the District of Columbia and elsewhere, [Powell] attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress" in violation of 18 U.S.C. § 1512(c)(2). Indictment 2. The relevant statute states that

> (c) Whoever corruptly—
>
> > (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> >
> > (2) otherwise obstructs, influences, or impedes an official proceeding, or attempts to do so,

> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). Powell raises three major challenges to this count of her indictment. First, she argues that the certification of the Electoral College was not an "official proceeding" as contemplated by 18 U.S.C. § 1512(c)(2). Def.'s Mot. 5. Second, she argues that her conduct does not fall within the bounds of § 1512(c)(2) because it has no connection to the "integrity of evidence." *Id.* at 22. Third, she argues that the term "corruptly" creates unconstitutional vagueness. *Id.* at 35.

This Court has been unpersuaded by these same three arguments before. *See Bingert*, 2022 WL 1659163, at *3–11. So has nearly every other court in the district. *See, e.g.*, *United States v. Robertson*, No. 1:21-cr-34 (CRC), 2022 WL 2438546 (D.D.C. July 5, 2022); *United States v. Rhodes*, No. 1:22-cr-15 (APM), 2022 WL 2315554 (D.D.C. June 28, 2022); *United States v. Fitzsimons*, No. 1:21-cr-158 (RC), 2022 WL 1698063 (D.D.C. May 26, 2022); *United States v. Reffitt*, No. 1:21-cr-32 (DLF), 2022 WL 1404247 (D.D.C. May 4, 2022); *United States v. McHugh*, No. 1:21-cr-453 (JDB), 2022 WL 1302880 (D.D.C. May 2, 2022); *United States v. Puma,* No. 1:21-cr-0454 (PLF), 2022 WL 823079 (D.D.C. Mar. 19, 2022); *United States v. Andries*, No. 1:21-cr-093 (RC), 2022 WL 768684 (D.D.C. Mar. 14, 2022); *United States v. Robertson*, No. 1:21-cr-34 (CRC), 2022 WL 969546 (D.D.C. Feb. 25, 2022); *United States v. Bozell*, No. 1:21-cr-216 (JDB), 2022 WL 474144 (D.D.C. Feb. 16, 2022); *United States v. Grider*, No. 1:21-cr-0022 (CKK), 2022 WL 392307 (D.D.C. Feb. 9, 2022); *United States v. McHugh*, No. 1:21-cr-453 (JDB), 2022 WL 296304 (D.D.C. Feb. 1, 2022); *United States v. Montgomery*, No. 1:21-cr-046 (RDM), 2021 WL 6134591 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, 1:21-cr-175 (TJK), 2021 WL 6134595 (D.D.C. Dec. 28, 2021); *United States v. Mostofsky*, No. 1:21-cr-138 (JEB), 2021 WL 6049891 (D.D.C. Dec. 21, 2021); *United States v. Caldwell*, No. 1:21-cr-028 (APM), 2021

WL 6062718 (D.D.C. Dec. 20, 2021); *United States v. Sandlin*, No. 1:21-cr-88 (DLF), 2021 WL 5865006 (D.D.C. Dec. 10, 2021). These issues have been thoroughly considered. Accordingly, the Court incorporates its reasoning in *Bingert*, 2022 WL 1659163, along with the reasoning of its fellow courts, in **DENYING** Powell's motion. It will briefly consider Powell's arguments that *Bingert* did not address below.

### A. The Electoral Vote Count Certification Was an Official Proceeding

Congress has defined the term "official proceeding" as used in § 1512(c)(2) as, among other things, a "proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). In *Bingert*, this Court explained that a "proceeding before the Congress" involves something akin to "a formal assembly or meeting of Congress for the purpose of conducting official business." 2022 WL 1659163, at *4 (quoting *Montgomery*, 2021 WL 6134591, at *5). The vote count certification falls within this understanding.

Defendant contends that a proceeding before Congress must involve "inquiry and investigation" and raises three objections to this definition of "proceeding before the Congress" that this Court has not addressed before. Def.'s Mot. 1. First, she argues that this Court's definition is inconsistent with *United States v. Ermoian*, a Ninth Circuit decision which held that a criminal investigation was not a § 1512(c)(2) official proceeding. Def.'s Mot. 9 (citing 752 F.3d 1165, 1172 (9th Cir. 2013)). This is wrong. *Ermoian* held, while not "conclusive," the "overall tenor" of definitions associated with the legal meaning of the term "proceeding" indicated that something more formal than the lay definition ("action or series of actions") applied. *Id.* at 1170. In *Bingert*, this Court agreed: something more than the lay definition of proceeding is implicated in § 1512(c)(2). 2022 WL 1659163, at *4. But *Ermoian* did not hold that only adjudicative legal hearings constitute "proceedings." And, of course, this Court would not be bound by its interpretation even if it did.

5

Defendant's argument regarding *United States v. Kelley* is similarly unavailing. Def.'s Mot. 12. In *Kelley*, the D.C. Circuit determined whether certain agency investigative activities constitute "proceeding[s]" within the scope of 18 U.S.C. § 1505. 36 F.3d 1118, 1127 (D.C. Cir. 1994). Because this Court is not interpreting § 1505 and because the vote certification was not an agency investigation, *Kelley* is unconnected to the inquiry here. Furthermore, *Kelley* did not set forth an exhaustive list of what factors constitute a "proceeding."

Finally, defendant launches into what she appears to believe is her smoking gun argument regarding the meaning of "proceeding." Def.'s Mot. 16. She relies on the legislative history of a different statute, 18 U.S.C. § 1505, and a different subsection, 18 U.S.C. § 1512(a)—including a version of § 1512(a) that did not become law—in order to prove that a "proceeding" must be adjudicative. *Id.* at 16–19. This Court has already explained that "[l]egislative history is an uneven tool that cannot be used to contravene plain text." *Bingert*, 2022 WL 1659163, at *11. Floor statements like the ones defendant cites, Def.'s Mot. 19, are particularly "unreliable." *Id.* (quoting *Duplex Printing Press Co. v. Deering*, 254 U.S. 443, 474 (1921)). Needless to say, floor statements about other statutes or subsections are equally unpersuasive.

As the Court explained before, and as every court in this district to address the issue has found, the vote certification was an official proceeding as contemplated by § 1512(c)(2).

### B. Section 1512(c)(2) Criminalizes Acts That Do Not Relate to the Availability of Evidence

Defendant next contends that 18 U.S.C. § 1512(c)(2) only criminalizes acts that affect the "integrity or availability of evidence in a proceeding." Def.'s Mot. 22. Her argument incorporates the analysis in *United States v. Miller*, a decision from the only court in this district that has dismissed a § 1512(c)(2) charge for a January 6 defendant. *United States v. Miller*, No. 1:21-cr-119 (CJN), 2022 WL 823070 (D.D.C. Mar. 7, 2022).

This Court has already addressed the *Miller* decision and its disagreement with the analysis presented. *Bingert*, 2022 WL 1659163, at *7-11. Defendant argues that the term "otherwise" in the statute should be interpreted narrowly: as essentially meaning "in a different, but similar in type way," with § 1512(c)(2) limited by § 1512(c)(1). Def.'s Mot. 33. There is no support for this argument: neither the text itself, nor § 1512(c)(2)'s context, nor its historical development suggest that § 1512(c)(2) is limited by § 1512(c)(1). *Bingert*, 2022 WL 1659163, at *7–11. The Court incorporates its reasoning from *Bingert* here in rejecting this argument.

### C. The Phrase "Corruptly" Is Not Unconstitutionally Vague

Finally, defendant argues that the phrase "corruptly" is unconstitutionally vague. Def.'s Mot. 36. She recites many of the same arguments that this Court has already rejected: first, that the D.C. Circuit's decision in *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), which held that the term "corruptly" in 18 U.S.C. § 1505 is unconstitutionally vague, is controlling here (it is not, *see Bingert*, 2022 WL 1659163, at *5–6); and second, that *Poindexter* indicates that this Court must define "corruptly" transitively, involving the intention to corrupt *another person* (Congress has rejected this definition when it expressly defined "corruptly," *see Bingert*, 2022 WL 1659163, at *6).

Defendant raises one new argument here: that the Court should dismiss Count One because it "fails to allege what unlawful material advantage Powell or an associate gained by allegedly obstructing an official proceeding" and thus does not allege that Powell acted "corruptly." Def.'s Mot. 39. Defendant imports this convoluted definition from *United States v. North*, 910 F.2d 843, 882 (D.C. Cir.), *opinion withdrawn and superseded in part on reh'g*, 920 F.2d 940 (D.C. Cir. 1990). *North*, a pre-*Poindexter* opinion, again interprets 18 U.S.C. § 1505, not § 1512(c)(2). And whether its definition of "corruptly" was correct or controlling in 1990, Congress has since explicitly defined the term "corruptly" as used in § 1505 as meaning "acting with improper

7

purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or another information." *Bingert*, 2022 WL 1659163, at *6 (citing 18 U.S.C. § 1515(b) (1996)). Similarly, numerous other courts of appeals, including the D.C. Circuit, have subsequently held that "corruptly" is not unconstitutionally vague. *Bingert*, 2022 WL 1659163, at *6. The *North* decision does not alter this decision. Nor does a cite to a 1995 dissent in part from Justice Scalia. Def.'s Mot. 36 (citing *United States v. Aguilar*, 515 U.S. 593, 617 (1995) (Scalia, J., dissenting)).

The term "corruptly" is not unconstitutionally vague.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** defendant's motion to dismiss. The Court also **DENIES** defendant's request, ECF No. 68, for oral argument.

Date: 7/8/22

Royce C. Lamberth
United States District Judge