UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-00179-RCL |
| | : | |
| RACHEL POWELL, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO AMEND DEFENDANT'S PRETRIAL RELEASE

On September 6, 2022, this Court's Pretrial Services Agency ("PSA") filed its Pretrial Violation Report, ECF 75, recommending that defendant Rachel Powell be removed from PSA courtesy supervision in the Western District of Pennsylvania. The government believes the defendant should not benefit from her repeated violations of pretrial release and now seeks to amend the defendant's pretrial release conditions to include GPS monitoring.

### BACKGROUND

The defendant is presently subject to home confinement, with windows of time where she is permitted to leave her residence in order to work. The defendant lives on the property of Joseph Jenkins, who is her employer and also her boyfriend. Her place of employment is also on the property adjacent to her residence that Mr. Jenkins owns.

During the course of the defendant's pretrial release, Pretrial Services has filed three violation reports with the Court concerning the defendant's behavior.

In the first violation, the defendant livestreamed herself at her place of work wearing a mesh "mask" made of pieces of string, in mockery of her condition of release requiring her to wear a mask for community safety.

In the second violation, the defendant went banking with Mr. Jenkins and then to a brewery during her work hours. A third party reported seeing the defendant at the brewery at 5:30 p.m. As Pretrial Services has no way of monitoring her location during her work window, Pretrial Services did not know that the defendant was at a brewery until the third party reported the incident. When Pretrial Services confronted the defendant about her actions, the defendant admitted that she went to the brewery, saying she was there for lunch.

In the third violation, the defendant left her home early, before her work window began. When Pretrial Services later asked the defendant about this violation, the defendant told her Pretrial Services Officer that she was gardening and described it as a job duty. When the Officer noted that gardening is not related to the construction job she was approved to do, the defendant told the Officer that she does "whatever [Mr. Jenkins] tells her to do, and she gets paid for it." The defendant described additional job duties for her employment that included accompanying Mr. Jenkins on banking errands and hosting evening events with Mr. Jenkins. When the Pretrial Services Officer pressed the defendant for more detail about her duties for these after-hours events, the defendant stated that she sets up and breaks down tables. When the Pretrial Services Officer asked for information about how the events are advertised, the defendant first stated that event information was emailed to people, then became frustrated, and would not give further details.

After the conversation, Pretrial Services received an unsolicited letter from Mr. Jenkins, attached hereto as Exhibit A, describing a much broader array of job duties, which range from direct customer contact to weeding/mulching/maintaining flower beds to hosting events to assisting with banking. Mr. Jenkins further opined on the defendant's alleged character and integrity, described the present charges as "politically motivated criminal charges," and

characterized the defendant's violent actions during the January 6 insurrection as "participation in the January 6th election fraud protests."

## ARGUMENT

Because the defendant's ankle bracelet only alerts Pretrial Services as to whether the defendant is within her residence, the Court relied on an honor system that the defendant was complying with her pretrial release conditions.  After the first violation of pretrial release, in April 2021, the Court ordered the defendant to show cause as to why she should not be detained or held in contempt of court.  Following briefing on the matter, the Court allowed the defendant to continue her present conditions of release.  At the July 7, 2022, status conference, the issue of the defendant's release conditions was raised again, when the Court denied the defendant's Motion to Modify Conditions of Release, ECF 67.  In doing so, the Court ordered the defendant to comply with her current conditions.

Although the Court has taken the defendant's release conditions seriously, the defendant has not.  At all hearings the Court has emphasized the defendant's need to comply with release conditions, and has done so as recently as the July 7, 2022 status conference. Despite such emphasis, the defendant committed two more violations of pretrial conditions.  During the second violation, which occurred only one week after the Court's admonishment and denial of the defendant's request to modify her conditions, according to the defendant's account, she decided to eat a late lunch at a local brewery with her employer/boyfriend during her work hours.  She was seen at the brewery at 5:30 p.m., although she has a 6:15 p.m. curfew.  *Cf.* ECF 67 at 1 (claiming, inconsistently with her presence at a brewery, that monitoring conditions interfere with her work and family obligations); and at 2 (claiming the defendant cannot "attend business meetings and

important calls with clients"). During the third violation, the defendant brazenly decided to leave her residence early, regardless of the notification to Pretrial Services.[1]

When Pretrial Services pushed back as to the defendant's characterization of gardening as one of her job duties, the defendant conveniently obtained an expansive job description from her employer/boyfriend, which lists the defendant's purported work requirements as broadly running errands, social events, and traveling to retreats. While the defendant may find her current release conditions to be inconvenient, as the United States has noted before, *see* ECF 69:13, any such inconvenience provides no basis for modification or relaxation of those conditions, and fails to excuse the defendant's violation of a condition this Court has ordered.

The government would object to the defendant performing any tasks that conflict with her release conditions, especially those this Court recently declined to modify. Given that the defendant has been performing her current job for some time, the government would request the Court to order the defendant to list all locations she must travel to for her employment, including for local banking and errands, and provide the list to Pretrial Services.

In addition, given that the defendant cannot be trusted to comply with release conditions, the government requests GPS monitoring to ensure that the defendant is traveling to work-related locations during her work hours. GPS monitoring will ensure that the defendant is in fact traveling to the locations stated on her list and prevent further violations. Counsel for the defendant has advised that his client "consents to GPS location monitoring on the condition that she's put on curfew, so she's 'let out of the house early in the morning'" and can return "'later at night.'"

---

[1] There is no doubt that the defendant is aware of her curfew hours. In the defendant's Motion to Modify Conditions of Release, ECF 67:1-2, the defendant represented that she did not go to the aid of her son, who tumbled down a slope and into a lake because of her ankle bracelet and curfew.

Because this Court recently rejected the defendant's application to relax her conditions of release, and because the defendant has responded with further breaches of those conditions, the United States submits that easing restrictions in the wake of new violations would be imprudent as well as counterproductive. Often, violations of release conditions result in motions or orders to revoke bond rather than motions for modification. *See* ECF 20 (order to show cause why pretrial release should not be revoked for use of mesh mask). The addition of GPS monitoring to the defendant's existing conditions of release is a reasonable, pragmatic, and proportionate response that does not reward the defendant for her failure to comply with court-ordered requirements.

**WHEREFORE,** the United States respectfully moves this Court to order the defendant to list all locations she must travel to for her employment and to amend the defendant's pretrial release conditions to include GPS monitoring.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Lucy Sun*
Lucy Sun
Karen Rochlin
Assistant United States Attorneys
Massachusetts Bar Number 691766
DC Bar No. 394447

## CERTIFICATE OF SERVICE

I, Lucy Sun, hereby certify that on this day, September 14, 2022, I caused a copy of the foregoing document to be served on the defendant's attorney, Nicholas Smith, via ECF.

By:   /s/ *Lucy Sun*
      Lucy Sun