UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-00179-RCL |
| | : | |
| **RACHEL POWELL,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S SECOND MOTION TO AMEND DEFENDANT'S PRETRIAL RELEASE

On September 14, 2022, the government filed its Motion to Modify Conditions of Release [#76], requesting the Court change the defendant's conditions of release to include GPS monitoring. The Court granted the government's motion on September 21, 2022. *See* Order [#78].

As noted in the government's motion, since the Court's denial of the defendant's motion to modify her release conditions on July 7, 2022, the defendant has violated her conditions of release twice, by first going to a brewery during her work hours and second, by leaving her residence during her home confinement hours.

The government requested GPS monitoring, believing that this was the least restrictive means of ensuring the defendant's compliance with her conditions. *See* 18 U.S.C. § 3142(c)(1)(B). The government has learned that GPS monitoring for the defendant is not available. Specifically, the government has had multiple conversations with Pretrial Services in the Middle District of Pennsylvania and learned that GPS monitoring cannot work because the defendant lives in a rural location and GPS monitoring must connect to a cell tower. Also, it is not feasible for the GPS monitoring to work in conjunction with the defendant's current location monitoring. The defendant's present monitoring ensures that she is within her residence during

her non-work hours. Because the defendant is in a rural location, it is the government's understanding that while the defendant is within her home, and outside the GPS monitoring range, the defendant's Pretrial Services Officer would get repeated notifications, even throughout the night, that the GPS monitoring cannot locate the defendant. Pretrial Services would continue to get the notifications until the defendant left her rural location and entered the local town.

Thus, where the defendant cannot comply with conditions that allow her to leave her residence for work-related purposes, and there is no effective, alternative way of monitoring her movements throughout the day, the government is requesting the least restrictive means to ensure the defendant is compliant with her conditions of release—that the defendant be placed on strict home confinement.

Under home confinement, the defendant would not be permitted to leave her residence without the advance express approval of her Pretrial Services Officer. According to Exhibit A of the government's <u>Motion to Modify Conditions of Release</u> [#76], drafted by the defendant's employer/significant other, the defendant has many job duties that only require her to be in front of a computer or phone. These duties can still be performed by the defendant within her residence, thus, allowing the defendant to continue working and earning money. In speaking with the defendant's Pretrial Services Officer, the Officer agrees with the condition change. The change would allow the defendant to stay on her current location monitoring device without need for GPS monitoring.

Accordingly, the government requests that its present motion, to change the defendant's conditions of release to strict home confinement, be allowed.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Lucy Sun*
Lucy Sun
Karen Rochlin
Assistant United States Attorneys
Massachusetts Bar Number 691766
DC Bar No. 394447

## CERTIFICATE OF SERVICE

I, Lucy Sun, hereby certify that on this day, September 26, 2022, I caused a copy of the foregoing document to be served on the defendant's attorney, Nicholas Smith, via ECF.

By:     */s/ Lucy Sun*
Lucy Sun