UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) </br> ) </br> ) Case No. 1:21-cr-179-RCL </br> ) |
| v. | ) </br> ) |
| RACHEL POWELL, | ) </br> ) |
| Defendant. | ) </br> ) |

**RACHEL POWELL'S NOTICE OF VERDICT IN *UNITED STATES v. JOSHUA BLACK*,**
**21-CR-127-ABJ**

Powell, through her counsel, provides this notice of the Court's not-guilty verdict in *United States v. Black*, 21-cr-127-ABJ, which bears on the Court's assessment of the government's Section 1512(c)(2) charge against Powell here.

In *Black*, the defendant pushed past law enforcement officers guarding the Capitol on January 6, entered the building, and proceeded all the way to the Senate chamber. The Senate had been evacuated minutes before Black's arrival. Exh. 1, Black Tr., p. 10. The defendant carried a "long" and "sharp" hunting knife, *id.* at 40, that was "capable of eviscerating a deer." *Id*., p. 44. Thus, after a bench trial, the Court found Black guilty of entering a restricted building or grounds while carrying a deadly or dangerous weapon, a felony offense. *Id.*

However, the Court found the defendant not guilty of the Section 1512(c)(2) offense even though he entered the Senate chamber with a deadly weapon minutes after members of Congress had fled the scene. The Court reasoned as follows. To satisfy the obstruction-of-justice crime's mens rea requirement,

> [T]he defendant has to have a particular official proceeding in mind. And here the official proceeding has to be the one alleged in the indictment, the congressional certification of the Electoral College results. *Not simply some business of the*

1

*government, some business of the Congress or the results of the election in general.*

Exh. 1, p. 29 (emphasis added).

The Court found that the government's evidence did not meet that standard beyond a reasonable doubt, and for this reason:

> [W]e do not have one single text or Tweet or statement by this defendant—before, on, or after January 6—where he articulates his [political] grievance *in terms of anything that Congress was supposed to do in terms of any proceeding that was going on that day [on January 6].*

Exh. 1, p. 30 (emphasis added).

Instead, the evidence showed only that Black understood he was "doing a protest at the Capitol" which related to a presidential election he believed was "stolen."  Exh. 1, p. 30.  That was insufficient mens rea evidence for the Section 1512(c)(2) offense.  *Id.*

Dated: May 10, 2023                                                            Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Rachel Powell*

## Certificate of Service

I hereby certify that on the 10th day of May, 2023, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Karen Rochlin
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530
> (202) 252-6986

2

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Rachel Powell*

3