IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.: 21-cr-179 RCL |
| v. | : | |
| **RACHEL POWELL,** | : | |
| Defendant. | : | |

## POWELL'S RESPONSE TO THE GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

After Rachel Powell's two-day bench trial concluded on May 10, 2023, the Court directed the parties to confer with one another and file proposed findings of fact and conclusions of law within two weeks. That is also what the Court ordered the parties to do after a bench trial in *United States v. Yoder*, 21-cr-505-RCL. In *Yoder*, the parties complied with the Court's order and jointly filed proposed findings of fact. *Id.*, ECF No. 60.

Here, however, Powell's attempts to comply with the Court's order and coordinate with the government were refused. In response to multiple defense requests, the government declined to meet and confer with Powell's counsel to discuss jointly filing proposed findings of fact and conclusions of law.

On May 19, for example, Powell's counsel wrote to Lucy Sun, the government's attorney, and inquired whether the government planned on sending draft findings of fact and conclusions of law to the defendant and her counsel. Powell noted it would be more efficient for the parties to submit a joint filing, even if it were to reflect factual disputes, as the parties did in *Yoder*. Ms. Sun responded: "We prefer to file our own. Thanks!"

1

On May 23, at 11:18 a.m., Powell again wrote to Ms. Sun. Powell noted that as the defense did not put on a case it would be difficult for the defendant to propose findings of fact, based on the government's evidence, but without cooperation from the government. Powell reiterated her request that the government at least share its draft proposed findings of fact. Powell noted that, absent cooperation from the government, she would have to speculatively reinvent the government's case and wastefully file a second proposed set of factual findings that may overlap significantly with the government's.

On May 24, at 10:35 a.m., Ms. Sun emailed a non-editable PDF document to Powell's counsel. Ms. Sun's cover email stated, "[H]ere is what we have so far. Let us know if you want to join our facts. I'm still working on the conclusions of law but doubtful you are joining on to that so. . . ." Powell promptly responded by requesting a Word document, so that she could propose edits to the government's unfinished proposals. Ms. Sun responded neither to that defense request nor to a follow-up email.

Not hearing a response, Powell's counsel called the government's attorney the same day—the day of the deadline set by the Court—in an attempt to meet and confer. Ms. Sun would not take the phone call. Accordingly, around 2 p.m., Powell's counsel again wrote to Ms. Sun:

> Hi Lucy [Sun]:
>
> I tried calling you but got your voicemail. As indicated, I believe the Court asked the parties to attempt to make a joint proposed findings of fact and conclusions of law filing. That is what the court instructed the parties to do in US v. Yoder, 21-cr-505-RCL. There, the parties were able to agree on most facts and submit a joint filing. The defendant submitted his own proposed conclusions of law.
>
> I would be grateful if one of you would return my phone call. Powell is attempting to cooperate on these issues with the government. She will otherwise have to advise the court that the defense was unable to confer with the government about a joint proposal. Is there some reason we cannot discuss this? Thank you.

5/24/22 email from Powell's counsel to Lucy Sun.

Ms. Sun did not respond to Powell's communication.

At 9:00 p.m. on the day the parties' proposed findings of fact and conclusions of law were due, the government filed its proposals. ECF No. 104. The government had made no effort to confer with Powell's counsel before filing the proposals and ignored the efforts of defense counsel to that end. Predictably, then, Powell's counsel was forced to review the government's filing late in the evening on the day of the deadline to determine what objections and proposals Powell must file to avoid prejudice to her case.

Gamesmanship is never appropriate in litigation. But it is particularly misguided in a criminal case where the life of the defendant—a mother and grandmother of 12 children and grandchildren, who has experienced severe mental strain from her legal jeopardy—is hanging in the balance. The government's refusal to confer with Powell on a common set of facts after trial is unjustified and deprives the defendant of a reasonable opportunity to comply with the Court's post-trial request.

Powell notes the following disagreements with the government's Proposed Findings of Fact and Conclusions of Law. ECF No. 104.

**Paragraph 17**. Exhibit 3.11, a video clip, showed that the Capitol Building room Powell briefly entered, Senate Terrace 2, had only one door leading from the room to the rest of the building. Witness McIntyre confirmed that the door was the only portal through which protesters could conceivably enter the building proper. Exhibit 3.11 showed that when Powell was inside Senate Terrace 2 the door was physically blocked off by a bookshelf. No evidence showed Powell entering any other part of the building. No evidence showed that Senate Terrace 2 was used by Members of Congress, staff, or anyone else on January 6, 2021.

**Paragraph 23**. The government quotes a Facebook post by Powell: "I agree with the possibility of civil war happening. I can see that too. Unfortunately the only way this is probably capable of being fixed is bloodshed because I'm not so sure our government can be fixed the political way anymore either." However, this post predates the 2020 presidential election by nearly a month. ECF No. 104, p. 8. Thus, as a matter of basic chronology, it cannot demonstrate Powell's post-election intentions on January 6, 2021.

**Paragraph 36**. Special Agent Thomas testified that he did not see evidence indicating whether the "go-bags" seized from Powell's residence belonged to Powell or to someone else in her family. He also testified that he saw no evidence indicating whether the "ammunition, duct tape, knives, ninja stars, lighters," ECF No. 104, p. 11, belonged to Powell or to someone else. Similarly, Thomas testified that he did not see any evidence indicating whether the "four smashed phones" found in Powell's residence belonged to Powell. No evidence indicated that any of these materials had anything to do with Powell's conduct on January 6, 2021.

## POWELL'S PROPOSED CONCLUSIONS OF LAW

### Count Two

1. Count Two of the Superseding Indictment charges Powell with corruptly obstructing, influencing and impeding an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18. 18 U.S.C. § 1512(c)(2). Count Two also charges the defendant with attempt to corruptly obstruct, influence and impede an official proceeding. In order to find the defendant guilty of this offense, the government must prove beyond a reasonable doubt that Powell: (1) attempted to or did obstruct or impede an official proceeding; (2) intended to obstruct or impede the official proceeding; (3)

acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding; and (4) acted corruptly.

2. The government must also prove beyond a reasonable doubt that there was a "nexus" between the defendant's obstructive act and the official proceeding. *See United States v. Aguilar*, 515 U.S. 593 (1995); *United States v. Young*, 916 F.3d 368 (4th Cir. 2019). On this element, the government must prove that the defendant had in mind the specific official proceeding charged in this case; here, Congress's certification of the Electoral College vote. *E.g.*, *United States v. Black*, 21-cr-127-ABJ (D.D.C. 2021), Verdict Tr. at 28. It is insufficient for the government to prove only that the defendant had in mind "simply some business of the government, some business of the Congress, or the results of the election in general." *Id*. at 29.

3. To prove the defendant acted "corruptly" beyond a reasonable doubt, the government must establish that Powell acted with "the intent to procure a benefit which [she] *knows* is unlawful." *United States v. Fischer*, 64 F.4th 329, 352 (D.C. Cir. 2023) (Walker, J., concurring in part) (emphasis original); *United States v. Worrell*, 21-cr-292-RCL (D.D.C. 2021), Oral Verdict, ECF No. 245 (applying in January 6 case the definition of "corruptly" outlined in Judge Walker's *Fischer* concurrence).

4. The government failed to prove two of the elements above, beyond a reasonable doubt. First, the government failed to prove the nexus requirement of § 1512(c)(2) beyond a reasonable doubt. It did not present sufficient evidence establishing that Powell understood that on January 6, 2021 an official proceeding was transpiring in which Congress was engaged in certification of the Electoral College vote. While the government's evidence showed that Powell appeared to believe that the 2020 presidential election was not "fair," *e.g.*, ECF No. 104, p. 10, it does not establish beyond a reasonable doubt that Powell knew that Congress was engaged in a

proceeding to count electoral votes on January 6, as opposed to "simply some business of the government, some business of the Congress or the results of the election in general." *Black*, Verdict Tr. at 29.

5.  Second, the government failed to prove that Powell acted "corruptly." The evidence did not establish beyond a reasonable doubt that the defendant acted to benefit herself through her conduct on January 6, 2021, deplorable though it was in several respects. Rather, the evidence showed that Powell acted out of a sincere belief, however misguided, that the 2020 presidential election had not been fairly or lawfully conducted.

6.  To the extent the evidence showed that Powell's actions on January 6, 2021 were motivated by a desire to obtain a benefit for the former president—i.e., the former president's reelection—the government did not establish beyond a reasonable doubt that Powell knew that such a benefit was "unlawful." *Fischer*, 64 F.4th at 352. To the contrary, the government's evidence showed that Powell's sincere belief, however misguided, was that the former president had in fact prevailed in the 2020 election and therefore that, as she understood the matter, the "benefit" she acted to obtain on his behalf was the lawful one. Accordingly, the government's evidence did not show beyond a reasonable doubt that Powell acted "corruptly," even if it showed she acted unlawfully in respect of other criminal offenses.

7.  Therefore, the Court finds that the government has failed to meet its burden and finds Defendant Powell NOT GUILTY on Count 2.

Dated: May 24, 2023

Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869

nds@davidbsmithpllc.com

*Attorney for Rachel Powell*

### Certificate of Service

I hereby certify that on the 24th day of May, 2023, I filed the foregoing submission with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorney for Rachel Powell*