## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                              |   |                         |
|------------------------------|---|-------------------------|
|                              | : |                         |
| **UNITED STATES OF AMERICA** | : | **Case No.: 21-cr-179 RCL** |
|                              | : |                         |
| **v.**                       | : |                         |
|                              | : |                         |
| **RACHEL POWELL,**           | : |                         |
|                              | : |                         |
| **Defendant.**               | : |                         |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT

On May 10, 2023, at the conclusion of the trial in *United States v. Rachel Powell,* the Court asked the parties whether they would prefer to file separate or joint proposed findings of fact. The government asked to file separate proposed findings of fact, and the defendant did not object. The Court further asked the parties if they wanted to respond to each other's proposed findings or file simultaneously. The government requested simultaneous filings, and the defendant did not object.

Accordingly, the Court ordered that the parties' proposed findings be filed simultaneously in two weeks, or May 24, 2023.[1] Notably, the Court did not order joint filings, nor did the Court order the parties to meet and confer. *See* Minute Order, May 10, 2023. Counsel for the defendant was put on notice that he needed to file his own proposed findings, and the government further reminded him of this in a May 19, 2023, email. Thus, for the past two weeks, the defendant was aware that the government did not want to file joint proposed

---

[1] In *United States v. Yoder*, 21-cr-505-RCL, the parties did not file separate findings of fact. They agreed to file one document.

findings, and the fact that the government has remained consistent in its decision is not

"gamesmanship."

Moreover, defense counsel does not need to "speculatively reinvent the government's

case." Counsel for the defendant sat through the entire trial just as counsel for the government.

He sat through the same testimony, and he has access to the same exhibits.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      /s/ Lucy Sun_____
Lucy Sun
Adam Dreher
Assistant United States Attorneys
Massachusetts Bar Number 691766
Michigan Bar No. P79246


## CERTIFICATE OF SERVICE

I, Lucy Sun, hereby certify that on this day, May 25, 2023, I caused a copy of the
foregoing document to be served on the defendant's attorney, Nicholas Smith, via ECF.

By:      /s/ Lucy Sun___
Lucy Sun