UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-cr-179-RCL |
| RACHEL POWELL, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR AN ORDER VACATING HER § 1512(C) CONVICTION**

On November 13, 2024, the defendant, Rachel Powell, filed a motion requesting to vacate her 18 U.S.C. § 1512(c),2 conviction. Mot. Order Vacating § 1512(c),2 Conviction [Dkt. No 130]. Although the government does not object to the defendant's request, the government would submit that further resentencing is not necessary in this case. To the extent the Court determines that a resentencing is necessary because the vacatur of the § 1512(c)(2),2 conviction would undermine the Court's sentencing intent, the government requests the opportunity to file a supplemental sentencing memorandum.

The mandate from the D.C. Circuit directed that "appellant's conviction under 18 U.S.C. 1512(c)(2) and 2 be vacated and the case be remanded for further proce[e]dings." *United States v. Powell,* No. 23-3213 (D.C. Cir. Oct. 28, 2024). The mandate does not explicitly direct this Court to resentence Powell; however, this Court retains discretion to resentence Powell consistent with the D.C. Circuit's mandate. "[W]hen th[e] [Circuit] vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). "[I]n the absence of more specific remand

instructions, the general rules for resentencing set forth in [*United States v.*] *Lyons*, [706 F.2d 321 (D.C. Cir. 1983)], [*United States v.*] *Whren*, [111 F.3d 956 (D.C. 1997)], and [*United States v.* ] *Rhodes*, [145 F.3d 1375 (D.C. Cir. 1998)] apply." *Blackson*, 709 F.3d at 42. Thus, consistent with the Circuit precedent, the mandate directs this Court to consider whether the sentences imposed on the remaining counts are impacted by the vacatur of Powell's § 1512(c),2 conviction. If the Circuit's decision and vacatur of the § 1512(c),2 conviction affected the sentence, a resentencing is appropriate; if the vacatur had no impact on the sentence for the remaining counts, resentencing is not permitted.[1]

Following a bench trial, on July 18, 2023, the Court convicted Powell on nine counts: (1) Interference with a Law Enforcement Officer during a Civil Disorder, in violation of 18 U.S.C. § 231(a)(1); (2) Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2),2; (3) Destruction of Government Property, in violation of 18 U.S.C. § 1361; (4) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); (5) Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A); (6) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A); (7) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); (8) Act of Physical Violence in a Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F); and (9) Parading, Demonstrating, or Picketing in a Capitol Building, in

---

[1] *United States v. Edmonds* is inapposite because the Circuit's remand order in that case made clear that resentencing on the count at issue was not needed. 933 F. Supp. 32, 34 (D.D.C. 1996) (no authority to resentence on Count 3 where Circuit found that sentence for Count 3 was "proper" and specifically remanded for resentencing on a different count).

violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Findings of Fact and Conclusions of Law [Dkt. No. 110].  The Court sentenced Powell to 57 months imprisonment and thirty-six months of supervised release as to Counts One, Two, Four, Five and Six, twelve months imprisonment and twelve months of supervised release as to Count Three, and six months imprisonment as to Counts Seven, Eight, and Nine, all to be served concurrently.  *See* Judgment [Dkt. No. 122].  The court also ordered Powell to pay $2,753 in restitution and a $5,000 fine.  *Id.*

Here, Powell's sentence as it currently stands would not change with the vacatur of her § 1512(c)(2),2 conviction.  Therefore, the Court may conclude that a resentencing is not necessary given the Court's statements within the Findings of Fact and Conclusions of Law, coupled with the application § 3553(a) factors set forth at sentencing.  "[A] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," and "a district court's original sentencing intent may be undermined by altering one portion of the calculus." *Blackson*, 709. F.3d at 41 (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)).

Indeed, in its twenty-six-page Findings of Fact and Conclusions of Law, the Court identified numerous instances of Powell's egregious conduct from various locations at the U.S. Capitol on January 6.  For example, while at the West Plaza:

> As seen in GX 2.07, 2.08, 2.10, and 2.11, Powell repeatedly pushed against bike racks using her hands, shoulders, and back.  As seen in GX 2.07, USCP officers attempted to lock bike racks together to form a barrier against the rioters.  At 38 seconds, Powell pushed against the bike racks with her hands to prevent them from locking the racks. In GX 2.08, Powell pushed against bike racks with her body as she encouraged other rioters to join her, shouting, "Come on up people, don't be shy!"  In GX 2.1 0A, at 49 seconds, Powell pushed against the bike racks with her back as officers attempted to prevent the barriers from falling over. Powell ignored the officers' repeated yells of "Get off the fence!" Likewise, in GX 2.11, Powell again pushed against the bike racks, fighting the officers' attempts to maintain the line.

> Findings of Fact and Conclusions of Law at 4-5.

After pushing past law enforcement officers at the West Plaza, Powell gained access to Lower West Terrace, where Powell "was standing within arm's reach of an officer being violently pulled out of the tunnel and assaulted in the crowd. Powell observed the crazed environment of that moment and heard the screams of her fellow rioters." *Id.* at 6. After observing the violence, Powell climbed into a window that led to "Senate Terrace 2" or "ST-2" before exiting and crossing over to the other side of the Lower West Terrace to a window leading to "House Terrace 2" or "HT-2." *Id.* There, the Court described in detail Powell's conduct:

> According to GX 3.12 and 3.13, Powell used an ice axe in her attempt to break through the window to HT-2, and then used a large cardboard tube as a battering ram on that same window. GX 3.12 showed not only the violent acts against the Capitol window, but also the preparation Powell took before attempting to smash through the window. She adjusted the strap of her backpack, she nodded to the fellow rioter on the other side of the battering ram, she adjusted her hat, and she grabbed the tube with both hands.

*Id.*

Testimony during the trial revealed that "immediately inside of HT-2 was a glass floor and underneath that floor was another set of rooms." *Id.* After smashing the window at "HT-2", Powell returned to "ST-2", where she gave instructions to other rioters within ST-2:

> Hey guys, I've been in the other room, listen to me. In the other room, on the other side of this door, right here where these feet are standing, there is a glass, that if somebody, if it's broken, you can drop down into a room underneath it. There's also two doors in the other room, one in he rear and one to the right when you go in, so people should probably coordinate together if you're going to take the building ...

*Id.* at 6-7.

During sentencing, the Court also considered Powell's conduct while on pretrial release, noting that she had previously "mocked" the Court with her conduct ("wearing the mask with holes"). Sentc'g Tr. [Dkt. No. 127] at 25. The Court further considered other factors under § 3553(a) factors, including specific and general deterrence, noting,

4

> But, in any event, the Court has to look beyond what you've said, because not only were your actions that day hard to swallow, the Court has to look at the impact on the nation and the impact and the deterrent need that the Court has about making sure this kind of thing never happens again. So it's not only specific deterrence, but it's general deterrence that the impact of what happened that day to the entire country cannot be condoned by this court or by any judge of this court.

*Id.* at 24.

While the government has sought resentencing in other cases involving vacaturs of § 1512 convictions, those requests have largely been because—absent resentencing—the total sentence was affected by the vacatur and would not account for the conduct that drove the original § 1512 conviction. Absent resentencing in those cases, the Court's original sentencing intent likely would not be effectuated. Here, in contrast, the vacatur of the § 1512(c)(2) conviction would not change Powell's ultimate sentence of 57 months' incarceration, 36 months of supervised release, $2,753 in restitution, and a $5,000 fine. Resentencing is unlikely to be necessary given the Court's sentencing intent and statements at sentencing. *See Blackson*, 709. F.3d at 41 (court should consider whether the "original sentencing intent," is "undermined by altering one portion of the calculus.").

To the extent the Court determines that a resentencing is necessary because the vacatur of the § 1512(c)(2),2 conviction would undermine the Court's sentencing intent, the government requests the opportunity to file a supplemental sentencing memorandum to address issues relevant to resentencing, including any recalculation of the Guidelines, the propriety of any departures or variances, the 18 U.S.C. § 3553(a) analysis, and newly relevant facts and arguments that are permissible at resentencing under Circuit precedent.

Respectfully submitted,

MATTHEW M. GRAVES

5

United States Attorney
D.C. Bar No. 481052

By:     */s/ Lucy Sun*
Lucy Sun
Adam Dreher
Assistant United States Attorneys
Massachusetts Bar Number 691766
Michigan Bar No. P79246