**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:21-cr-179-RCL |
| RACHEL POWELL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RACHEL POWELL'S RESPONSE TO THE GOVERNMENT'S RESENTENCING POSITION**

The government has filed a memorandum contending that "Powell's sentence as it currently stands would not change with the vacatur of her § 1512(c)(2), 2 conviction." Gov't Resp. at 3. Thus, the government urges that "the Court may conclude that a resentencing is not necessary given the Court's statements within the Findings of Fact and Conclusions of Law, coupled with the application of § 3553(a) factors set forth at sentencing." *Id.* The government's analysis omits that, absent a resentencing, Powell's sentence of 57 months' incarceration would constitute a punishment significantly above the newly calculated Guidelines range without the Court finding a "'specific reason' why [Powell's] case calls for a more severe sentence than other cases falling within the same Guidelines categories." *United States v. Brown*, 857 F.3d 403, 405 (D.C. Cir. 2017).

Powell's original total offense level of 25 was calculated under U.S.S.G. § 2J1.2, yielding a Guidelines range of 57 months to 71 months. PSR, ¶¶ 74-83, 139. After her § 1512(c)(2) conviction is vacated, it appears that her Guidelines range would be calculated under § 2A2.4 for her § 231(a)(3) conviction. PSR, ¶ 67. Powell's total offense level would be 10 and her Guidelines range would be 6-12 months' incarceration. U.S.S.G. Ch. 5, Sentencing Table.

1

The government quotes twice from the Court's Findings of Fact and Conclusions of Law. Gov't Resp. at 3-4. In the first quote, the Court finds that Powell "repeatedly pushed against bike racks using her hands, shoulders, and back," ignoring "officers' repeated yells of 'get off the fence!'" Findings of Fact and Conclusions of Law at 4-5. In the second, the Court finds that "Powell used an ice axe in her attempt to break through the window to [room] HT-2, and then used a large cardboard tube as a battering ram on that same window." *Id.* at 6. But these quotes would not supply a specific reason why Powell would receive a prison sentence nearly five times the length of the upper end of the properly calculated Guidelines range.

In Powell's review of all Capitol riot sentences featuring § 231(a)(3) convictions not paired with convictions under § 1512(c) or § 111(a)/(b), she can locate only two even approaching a sentence 57 months in length. Neither is apposite. In one case, the defendant viciously assaulted two police officers, in addition to damaging a door in the Capitol building, and was accordingly sentenced under the aggravated assault guideline, unlike Powell. *United States v. Anthony Sargent*, 21-cr-639-DLF, ECF No. 45 at 14 (defendant received 60 months' incarceration). In the other, the Proud Boys defendant made true threats against the presiding judge, declaring that he would have the Chief Judge "arrested," *United States v. Marc Bru*, 21-cr-352-JEB (defendant resentenced to 60 months' incarceration), ECF No. 108 at 2, and committed multiple crimes while on release including absconding. *Id.*, ECF No. 92 at 2-3. It appears to Powell that virtually every other § 231(a)(3) sentence—where the defendant did not also commit offenses under § 1512(c) or § 111(a)/(b)—is no more than half the length of Powell's 57-month sentence, with most of them far below her sentence.[1]

---

[1] Sentences Imposed in Cases Arising Out of the Events of January 6, 2021, DOJ Capitol Riot Resource Page, Nov. 25, 2024, available at: https://www.justice.gov/usao-dc/media/1331746/dl?inline.

Moreover, there is every reason to believe that the Court imposed a 57-month sentence on Powell's non-§ 1512(c) felony convictions pursuant to the Guideline provision that directed the Court to impose the § 2J1.2-derived "total sentence" on every count of conviction to the extent permitted by statutory maxima, U.S.S.G. § 5G1.2(b), not because the Court believed that sentence was appropriate for a § 231(a)(3) conviction on its own.

Powell asks the Court to keep in mind her circumstances. She is a mother to eight children, ranging in age from 12 to 26 years old. She is a grandmother to four adolescents. The three youngest children lived with Powell before she was incarcerated. Untenably, her 15-year-old son is now the head of the family. A neuropsychological assessment performed on Powell before sentencing made diagnoses of posttraumatic stress disorder; paranoid, schizoid and negativistic personality traits; and major depressive disorder. Powell respectfully submits that it would be appropriate for the Court to allow her to file a resentencing submission that provides up-to-date information about her family and psychological circumstances and addresses the newly calculated Guidelines range and sentencing comparators.

For all these reasons, Powell respectfully requests that the Court hold a resentencing hearing, which she believes has occurred in every case where the Court of Appeals has remanded the matter for vacatur of a § 1512(c) conviction post-*Fischer.*

Dated: November 26, 2024        Respectfully submitted,

       /s/ Nicholas D. Smith
       Nicholas D. Smith (D.C. Bar No. 1029802)
       1123 Broadway, Suite 909
       New York, NY 10010
       Phone: (917) 902-3869
       nds@davidbsmithpllc.com

       *Counsel to Rachel Powell*

3

**<u>Certificate of Service</u>**

I hereby certify that on the 26th day of November, 2024, I filed the foregoing motion with the Clerk of Court using the CM/ECF system which will notify counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com
