UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | )<br>) Case No. 1:21-cr-179-RCL |
| RACHEL POWELL, | )<br>) |
| Defendant. | )<br>) |

**RACHEL POWELL'S RESPONSE TO THE GOVERNMENT'S RECALCULATED GUIDELINES RANGE**

Rachel Powell, by counsel, submits this response to the government's recalculated Guidelines range. ECF 135.

**Count One, 18 U.S.C. § 231(a)(3).** The government claims a total offense level of 22 for Powell's civil-disorder conviction, largely attributable to the cross-reference in U.S.S.G. § 2A2.4(c)(1) to the aggravated assault guideline at § 2A2.2. Gov't Mem. at 13. The cross-reference would add four levels to Powell's base offense level and six levels for an official victim adjustment. *Id.* The government's calculation is erroneous.

First, the evidence did not establish an assault. The government supplies no definition of that crime, but to establish federal generic assault, the government must prove (1) "a willful attempt to inflict injury upon the person of another," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Dat Quoc Do*, 994 F.3d 1096, 1099 (9th Cir. 2021). The government contends the evidence shows that Powell "shov[ed] a barricade against an officer as the police line broke." Gov't Mem. at 14 n. 4. Even if so, that bare fact does not establish by a preponderance of the evidence a willful attempt to inflict an injury upon

1

an officer.  The government does not argue otherwise, and the argument is forfeited.

In any case, the evidence does not show an "aggravated" assault under the definition set forth in § 2A2.2, cmt., n. 1.  The government argues that Powell's "assault" was aggravated "because the felonious assault involved an intent to commit another felony aside from the assault, specifically, Obstructing Officers During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3)."  Gov't Mem. at 14 n. 4.  In other words, the government contends that in committing the § 231(a)(3) offense said to trigger application of U.S.S.G. § 2A2.2, Powell intended to commit the same offense under § 231(a)(3).  But (a) Felony Offense X cannot be "another felony" in relation to itself, by definition (§ 2A2.2, cmt., n. 1); and (b) the government's interpretation of the aggravated assault guideline constitutes impermissible double counting.  In a recent oral argument, two Circuit judges explicitly said as much.  *United States v. Anthony Sargent*, 23-3238 (D.C. Cir.) (Judges Katsas and Rao appearing to agree that the government's "another felony" aggravated assault argument constitutes impermissible double counting; decision pending).[1]  Accordingly, § 2A2.2 does not apply via the cross-reference, and the six-level adjustment for official victim does not apply, as it never applies to § 2A2.4.  § 2A2.4, cmt., n. 2.

Next, as the government itself concedes, the Court has already determined not to apply a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1.  Gov't Mem. at 7.  Nor does the government explain the alleged evidentiary basis for its application in Powell's case.  *Id.*  The one-sentence argument in the government's original sentencing memorandum says Powell "remove[d]" photos from her phone and "hid" the phone on the day of her arrest.  ECF 121 at 25.  This conclusory statement does not establish by a preponderance of evidence that any

---

[1] media.cadc.uscourts.gov/recordings/docs/2024/12/23-3238.mp3.

data removal from, or physical placement of, Powell's phone was for the purpose of obstructing justice. Accordingly, Powell's total offense level for this conviction would, at most, stand at 13.

**Count Three, 18 U.S.C. § 1361.** As explained above, it is the law of the case that the obstruction enhancement does not apply. Thus, Powell's total offense level on this count would stand at no more than 14, according to the government's own analysis. Gov't Mem. at 14.

**Counts Four through Six, 18 U.S.C. §§ 1752(a)(1), (a)(2), (a)(4) and (b)(1)(A).** As indicated above, the aggravated assault and obstruction guidelines do not apply. Therefore, under the government's analysis, the total offense level would stand at 13. Gov't Mem. at 15-17.

**The government's grouping analysis.** As the Probation Office found, all of Powell's counts of conviction group, "because at least one of the Counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another account." PSR, ¶ 72. Thus, the government is incorrect in adding two additional levels under U.S.S.G. § 3D1.4. Gov't Mem. at 18.

Taken together, then, it is not the case that Powell's "combined offense level is 24." Gov't Mem. at 18. Powell has argued that it is 10, yielding a range of 6-12 months' incarceration. But in no event is it higher than 14.

Dated: December 17, 2024                      Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Rachel Powell*

**Certificate of Service**

I hereby certify that on the 17th day of December, 2024, I filed the foregoing motion with the Clerk of Court using the CM/ECF system which will notify counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com